# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Ryan S., <br><br> Plaintiff, <br><br> v. <br><br> Andrew M. Saul, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER REMANDING THE FINAL DECISION DENYING DISABLITY BENEFITS TO PLAINTIFF <br><br> 2:19-cv-00162-CMR <br><br> Magistrate Judge Cecilia M. Romero |

This matter is before the court pursuant to 42 U.S.C. § 405(g) to address whether the Administrative Law Judge ("ALJ") committed reversible error in denying Plaintiff Ryan S.'s ("Plaintiff") claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. (Plaintiff's Brief ("Pl. Br.") 1). Plaintiff makes a number of arguments including that the ALJ erred in failing to adequately consider whether Plaintiff's impairments meet listing 1.04A for disorders of the spine, erred in dismissing two treating source statements, improperly weighed medical opinions and erred in discrediting Plaintiff's subjective complaints. (Pl. Br. 1).

After careful review of the entire record, the parties' briefs, and consideration of arguments made at the hearing on administrative record on March 6, 2020, the court finds the ALJ committed reversible error based in faling to adequately consider whether Plaintiff's impairments meet listing 1.04A. The court will not reach the remaining issues raised by Plaintiff as revisiting the finding at step three will require reconsideration of the remaining steps to determine the impact to the ultimate holding.

1

## I. BACKGROUND

Plaintiff, age 40 on his amended alleged onset date, was age 44 on the date of the ALJ's decision. He alleges disability due to back impairments, tremors in his extremities, affective disorder, and anxiety-related disorders. (Administrative Transcript ("Tr.") 295-300). Plaintiff has past relevant work as a fast food worker, a customer service representative, and a store laborer. (Tr. 63).

In applying the five-step sequential evaluation for determining disability in adults, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act. Specifically, at step three, the ALJ determined that Plaintiff's impairments did not meet the severity of one of the listed impairments in 20 C.F.R. Part 404 listings 1.04 because the medical evidence did not establish nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis as defined in 1.00(b)(2)(b). (Tr. 22). Later in her evaluation, the ALJ found Plaintiff had a long history of treatment for chronic back pain and cited to a 2009 MRI of Plaintiff's lumbar spine that showed a disc bulge and disc extrusion causing severe nerve root compromise. (Tr. 25). The ALJ also cited to Plaintiff's treating physician's note that the disc herniation caused mild nerve root compromise. (Tr. 25-26).

## II. ANALYSIS

Our task in analyzing Plaintiff's appeal is limited to determining whether substantial evidence supports the Social Security Administration's ("SSA") factual findings and whether the agency applied the correct legal standards. *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954

(10th Cir. 2014). However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

**A. The ALJ's finding that Plaintiff's back impairments did not meet listing 1.04 was not supported by substantial evidence.**

Plaintiff argues the ALJ's determination at step three was not supported by substantial evidence because the ALJ made inconsistent findings and failed to explain or weigh conflicts in the record. (Pl. Br. 16). Defendant contends the ALJ's error was harmless because the ALJ discussed additional medical findings that guided his determination that Plaintiff's back impairment did not meet listing 1.04. Specifically, that the medical record did not demonstrate Plaintiff had a "simultaneous presence of all of the medical criteria in paragraph A" for a continuous period of twelve months as required by Listing 1.04. (Answer Brief "Ans. Br." 6-7). At the hearing, Plaintiff refuted this contention arguing the regulation does not require all impairments and symptoms to be continuous for a period of twelve months, rather the impairment must be expected to last for twelve months.

In order to meet Listing 1.04, "Disorders of the Spine", the medical evidence must demonstrate a disorder of the spine resulting in compromise of a nerve root or the spinal cord with "evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. pt. 404, supt. P, app. § 1.04.

Defendant cites to *Duncan v Colvin,* 608 Fed. Appx. 566 (10th Cir. Apr. 2, 2015) (unpublished) for their position that Plaintiff does not meet Listing 1.04 as a matter of law. (Ans. Br. 7). In *Duncan*, the plaintiff argued that the ALJ failed to consider that she met or equaled Listing 1.04A (disorders of the spine) and failed to properly consider Listing 1.04A at step three because the ALJ did not mention or discuss it in the step three analysis. *Id*. at 575. While the 10th Circuit found that the ALJ did not address or evaluate Listings 1.04A at step three, there was a discussion in the RFC determination and at step four. *Id*. The 10th Circuit therefore held the step three error was harmless considering the significant discussions in subsequent steps of the analysis, namely that the plaintiff in *Duncan* failed to provide medically acceptable tests showing nerve root compression. *Id.* at 575-76. Unlike *Duncan*, here, the ALJ first found there was no nerve root compromise at step three, and then later, in determining Plaintiff's Residual Functional Capacity ("RFC"), cites to Plaintiff's medical documents that Plaintiff did have mild nerve root compromise. (Tr. 25-26). The ALJ provided no explanation for this conflict. While it is possible there may be an explanation to address the conflict, the court is unable to determine if that is the case because the ALJ's opinion does not address the conflict. The ALJ's subsequent discussion therefore conflicts with his step-three findings. Furthermore, here, unlike in *Duncan*, the record shows Plaintiff did provide medical evidence that demonstrates his symptoms and diagnosis met the requirements of Listing 1.04. (Tr. 337, 341, 342, 829).

At the hearing, Defendant also argued that because the ALJ discussed Plaintiff's straight leg tests later in his analysis, any error was harmless. *See Fischer-Ross v. Barnhardt*, 431 F.3d 729 (10th Cir. 2005) (an ALJ's findings at other steps of the sequential process may provide a proper basis for holding a step three conclusion that a claimant's impairments do not meet or equal a listed impairment, the step three failure results in "harmless error."). However, here the

record indicates Plaintiff had multiple positive straight leg tests, *see* (Tr. 340, 346, 860) along with mild nerve root compromise. (Tr. 337, 341, 342, 829). The ALJ's subsequent analysis did not provide a proper basis for the ALJ's step three conclusion. This error was not harmless and warrants reconsideration. The court finds it is not necessary to address the remaining issues raised by the parties. *See Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. 2003) (the court did "not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.")

While it is not the court's role to reweigh the evidence, we must determine whether the Commissioner's final decision is "free from legal error and supported by substantial evidence." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). There is substantial evidence in the record of Plaintiff's nerve root compression, in fact, the ALJ's decision itself cites to this evidence. *See* (Tr. 26). The ALJ failed to explain or weigh this conflict in the record as required. Therefore, the ALJ's determination that Plaintiff failed to meet Listing 1.04 is not supported by substantial evidence in the record.

/ /

/ /

## CONCLUSION

For the reasons stated herein, the court finds the ALJ erred in her step three determination that Plaintiff did not meet the requirements of Listing 1.04. Specifically, the ALJ erred by failing to reconcile his determination that Plaintiff did not suffer from nerve root compromise with the evidence in the record supporting Plaintiff's diagnosis of mild nerve root compromise.

The court will therefore REMAND the case.

DATED this 27 March 2020.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah